VONNAH M. BRILLET (SBN 226545)
**LAW OFFICES OF VONNAH M. BRILLET**
2777 ALVARADO STR
SUITE E
SAN LEANDRO, CA 94577
Telephone: (510) 351-5345
Facsimile: (510) 351-5348
E-Mail: BrilletLaw@yahoo.com

Attorneys for Plaintiff
NETBULA, LLC

E-filing

ORIGINAL FILED
NOV 17 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

SBA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Greenwich Capital Markets, Inc. , a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants | Case No. C06-07143<br><br>COMPLAINT FOR COMPENSATORY DAMAGES, DISGORGEMENT OF PROFITS, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES AND COSTS FOR:<br><br>Direct, Contributory, and Vicarious Copyright Infringement Under 17 U.S.C. Section 101 *et seq.*;<br><br>CERTIFICATION OF INTERESTED PARTIES OR PERSONS<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff NETBULA, LLC ("Netbula" or "Plaintiff") complains and alleges against Defendants Greenwich Capital Markets, Inc., a Delaware Corporation, and DOES 1-10, inclusive, as follows:

## INTRODUCTION

1. Plaintiff Netbula develops computer software products. The functionality of Netbula's products depends upon uniquely-created and copyrighted software files (the

"pwrpc32.dll" file, the "pwrpc32.lib" file, the "powerrpc.h", the "rpcgen.exe" file, and other files). Netbula offers licenses to software products that contain these all-important copyrighted files, in exchange for the payment of royalties. Such royalties are the heart of Netbula's business revenues. Defendants in this action have willfully infringed Netbula's copyrighted software technology by obtaining said technology and including it in Defendants' own software products in such a way as to exceed the scope of a license agreement and without paying Netbula the appropriate royalties. All of these actions by Defendants amount to unlawful, unfair, and/or fraudulent business practices. Defendants have profited from all of their unlawful actions to the great financial detriment of Plaintiff Netbula.

**JURISDICTION**

2. This Court has subject matter jurisdiction over this matter pursuant to: (1) 28 U.S.C. §§ 1331 and 1338(a), as this action arises out of the laws of the United States of America (in particular, the claim for copyright infringement founded upon the Copyright Act at 17 U.S.C. § 101 *et seq*.).

3. This Court has personal jurisdiction over Defendants in this action and venue is proper in this judicial district under 28 U.S.C. § 1391(b) because, as alleged further below: (a) Defendants, and each of them, have intentionally engaged in substantial business and related communications within this forum amounting to sufficient minimum contacts, including, but not limited to, the sale of their offending products and/or services into California and, on information and belief, into this judicial district; (b) the harm caused to Plaintiff by the acts and omissions of Defendants was targeted by Defendants at Plaintiff and designed to impact, and did in fact impact, Plaintiff, which has its principal place of business located in this judicial district;

and (c) a substantial part of the acts or omissions giving rise to the asserted claims occurred or had effects in this judicial district.

**INTRADISTRICT ASSIGNMENT**

4. Because this action is an Intellectual Property Action as specified in Northern District of California Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

**THE PARTIES**

5. Plaintiff NETBULA, LLC ("Netbula" or "Plaintiff"), is a Delaware limited liability company with its principal place of business located at 2777 Alvarado Street, San Leandro, CA, 94577, within this judicial district.

6. On information and belief, defendant Greenwich Capital Markets, Inc. ("GCM") is a Delaware corporation doing business as "RBS Greenwich Capital" with its principal place of business located at 600 Steamboat Road, Greenwich, Connecticut 06830. Defendant "GCM" operates in the financial markets in North America. According to GCM's online literature, "GCM" is one of the leading "fixed income firms" in North America.

7. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of defendant DOES 1 through 10, inclusive. Plaintiff is informed and believes, and based upon such information and belief alleges, that each fictitious defendant was in some way responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility therefore. Certain of defendant DOES 1 through 10 are affiliates, customers and/or potential customers of the other named Defendants. When the exact nature and identity of such fictitious defendants and

their responsibility for participation and contribution to the matters and things herein alleged is ascertained by Plaintiff, Plaintiff will amend this Complaint to set forth the same.

## FACTUAL DETAILS

8. Plaintiff Netbula develops premium quality computer software products. Particularly, Netbula is an industry leader in the development of innovations in "Remote Procedure Call" ("RPC") technology. RPC technology allows a program on a local computer to execute commands on a remote computer over a network. Netbula's main product line is its "PowerRPC" echelon, which is available for use in both Microsoft Windows and UNIX operating system environments.

9. Netbula's business is founded largely upon its sophisticated ability to create new software products featuring advancements and solutions in RPC technology, and to license those products for profit. Numerous Fortune 500® companies are Netbula customers who make use of, and benefit from, Netbula's "PowerRPC" products in connection with critical financial, healthcare, and telecommunications services.

10. Netbula advertises PowerRPC as the "most powerful ONC RPC development tool that exists today" (ONC stands for "Open Network Computing") on its web site. Besides PowerRPC for Microsoft Windows for the 32 bit x86 architecture, Netbula also develops and markets PowerRPC for Windows CE and PocketPC for the ARM architecture, 64 bit Windows for the AMD64 architecture, 32 bit and 64 bit Solaris OS for the SPARC, HP-UX, Linux and many other operating systems and architectures. PowerRPC is for developing software for C or C++ programming language. Netbula also develops and offers a different but interoperable product, written in Java language called JavaRPC. Netbula thus offers a complete spectrum of interoperable RPC solutions for different operating systems and architectures.

11.    Netbula holds a federal copyright registration for its main product, "PowerRPC" (Registration No. TX 6-211-063, registered October 18, 2005), a copy of which is attached hereto as Exhibit A.  "PowerRPC" contains the key "pwrpc32.dll" file developed by Netbula.

12.    Netbula's RPC software product for Microsoft Windows contains two parts: (1) the "Software Development Kit" ("SDK") that consists of the software tools which allow programmers to create applications based on Netbula RPC technology, for which the "powerrpc.h", "pwrpc32.lib", "pwrpc32.dll", "powerrpc.exe" and "rpcgen.exe" files are the most important; and (2) the "Runtime Library" that consists of files providing the core RPC functionality, for which the "pwrpc32.dll" file is most important. The pwrpc32.dll is a binary file that contains the computer instructions for Netbula's RPC technology. The "pwrpc" in "pwrpc32.dll" is an abbreviation of "PowerRPC", and the 32 indicate that it's for 32 bit computers (for 64 bit computers, the filename is "pwrpc64.dll"). The "pwrpc32.dll" file is a unique and original copyrighted creation of Netbula, and without the "pwrpc32.dll" file, Netbula RPC applications cannot run.  The "pwrpc32.dll" file is therefore a closely-guarded intellectual property right of Netbula.

13.    To develop a program using Netbula RPC ("a Netbula RPC program"), a programmer first writes a functional description file conforming to an interface description language ("IDL"), this description file specifies the commands the RPC program will provide and use. Then the programmer uses a program called an IDL compiler to translate the description into programming source code. To build the Netbula RPC program, a programmer incorporates the source code generated by the "Netbula powerrpc" or "Netbula rpcgen" IDL compiler, the "powerrpc.h" file and other source code files to create object code with a C or C++ compiler, such as the Microsoft Visual C++ compiler or Borland C++ Builder.  The object code is then linked with Netbula's "pwrpc32.lib" file to create an executable Netbula RPC program.

14. When the Netbula RPC application runs, it copies the entire "pwrpc32.dll" file into computer random access memory and inserts the entire "pwrpc32.dll" file into the program's own memory space. Afterwards, the entire "pwrpc32.dll" file becomes part of the program and the program can execute instructions in "pwrpc32.dll" for essential Netbula RPC functionalities. If the "pwrpc32.dll" file cannot be found, the Netbula RPC program will report an error and abort its execution.

15. A Netbula product purchaser must buy one type of license (an "SDK" license) for each computer programmer who will use the "powerrpc.h", "rpcgen.exe", "pwrpc32.dll" and other PowerRPC files to develop RPC applications. A Netbula product purchaser must also buy a separate license for the right to copy Netbula's Runtime Library files, also including the all-important "pwrpc32.dll" file. The license for the right to copy the Runtime Library to a single computer is called a "runtime license." Each SDK license and runtime license is only granted for a single computer and might only be granted for use in one specific operating system environment, such as Windows NT but not Windows 2000, depending upon the specific agreement between Netbula and the licensee.

16. Netbula collects a royalty for each copy of its SDK license and each copy of its runtime license. Both the SDK and runtime licenses include the right to use Netbula's key "pwrpc32.dll" file. Netbula's business and profitability depend largely upon the royalties it receives from licensing copies of its RPC software technologies that make use of the all-important "pwrpc32.dll" file. Netbula's licenses are not transferable.

17. In early October of 2006, while searching internet newsgroups, Netbula found a person with the initial "R.B" posted messages about a program which seemed to have included Netbula's "pwrpc32.dll". The messages posted by "RB" indicated that the "pwrpc32.dll" file was used on a web server running Windows 2003. The message also

indicated that the web server had four microprocessors (a typical desktop PC has only one processor). Using the information from the posting, and after further investigation, Netbula identified this person as a programmer employed by Defendant GCM.

18. In June 2001, GCM purchased one (1) SDK license for Netbula RPC for Windows NT. This license gave the right for one GCM developer to develop Netbula RPC applications on one computer running Microsoft Windows NT operating system. This license did not include any runtime licenses for GCM to copy the "pwrpc32.dll" file into production computers.

19. In the license agreement sent along with the Netbula RPC SDK, it was clearly stated that the software was for "Windows NT and 95/98 platforms" and "each user can only use the software on one computer. You have the right to make additional copies of the SDK Product solely for backup use." At the top of the agreement were the following three lines of text, which clearly indicate that GCM did not have a runtime license:

Licensee: Greenwich Capital Markets

ONC RPC Developer license : 1

ONC RPC Runtime license: 0

20. Based upon all of the information available, Netbula concluded that GCM was using "pwrpc32.dll" on its Windows 2003 servers without a license. On October 16, 2006, Netbula sent a letter to Ben Carpenter, Co-CEO of DEFENDANT GCM, notifying him of the situation and requesting a usage report.

21. In response to Netbula's inquiry, GCM provided reports stating that it had used Netbula RPC on twelve to fourteen Windows 2000 and Windows 2003 servers since 2001. GCM also claimed that those Windows severs have only one or two CPUs. GCM further

claimed that only one developer with initials "A.G." had used the Netbula RPC product. The GCM report failed to match the very limited information Netbula had obtained from the internet posting.

22. Netbula asked GCM to describe how PowerRPC is being used and provide estimated gross revenue derived from the related software. GCM's associate general counsel, Robin Elkowitz, responded that PowerRPC "may be eliminated. Relationship to gross revenue is none."

23. Subsequently, Netbula offered GCM two PowerRPC server runtime site licenses for Windows 2000 and Windows 2003, which would allow GCM to legally use "PowerRPC" within GCM. GCM declined the offer.

**CLAIM FOR RELIEF**

***COPYRIGHT INFRINGEMENT (DIRECT, CONTRIBUTORY, AND VICARIOUS) (17 U.S.C. § 101 et seq.)***

***(Against All Defendants) (For Damages and Profits, and Injunctive Relief)***

24. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 23, inclusive, of this Complaint.

25. Plaintiff has complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq*., and all other laws governing copyright, with respect to its RPC technology software and products. The content, selection, coordination, and arrangement of the information in Netbula's RPC technology and products have resulted in works which, in each individual instance, and as a whole, constitute original works of authorship.

26. All of the original creations of content in Netbula's RPC technology (including its "pwrpc32.dll" file) and the works making use of it (including Plaintiff's "PowerRPC" products) constitute original works of authorship fixed in a tangible medium of expression and are copyrightable under the Copyright Act. Plaintiff has obtained a federal copyright registration for its Netbula "PowerRPC" software product (Registration No. TX 6-211-063, registered October 18, 2005, attached as Exhibit A to this Complaint). Plaintiff also has common law copyright rights in its original published works.

27. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act to reproduce, adapt, perform, distribute, display, exhibit, and license the reproduction, adaptation, performance, distribution, display, exhibition, and other use of its RPC technology and products, including its "pwrpc32.dll" file.

28. Plaintiff has invested substantial time, effort, and monies in the creation and public distribution of its RPC technology and products, based in part upon the opportunity to recover its investment from its copyrighted content, and to obtain the revenues and business advantages the copyrighted content provides in connection with Netbula's offering of computer software programs and licenses to the public.

29. Plaintiff's RPC technology (including its SDK and runtime files) contains the "pwrpc32.dll" file necessary to the functionality of Netbula RPC programs. Plaintiff's "rpcgen.exe" file generates source code which is also copyrighted by Plaintiff. Defendants' software contains copies of significant material portions of the content of Plaintiff's technology and products, including Plaintiff's "pwrpc32.dll" file and the code generated by "rpcgen.exe". Defendants have repeatedly copied or made use of Netbula's RPC technology containing its important "pwrpc32.dll" file. Since the Defendant's software incorporates the source code

generated by Plaintiff's "rpcgen.exe" program and includes the "pwrpc32.dl" and "powerrpc.h" files, it is a derivative work of Netbula's PowerRPC.

30. Defendants had access to the content of Plaintiff's RPC technology and "pwrpc32.dll" file as alleged hereinabove and acquired possession of the content of said technology by directly and/or substantially copying that information from products originating from Netbula. Defendants then intentionally reproduced, displayed, adapted, exhibited, and/or publicly distributed the content of Plaintiff's RPC technology and software products in Defendants' software, exceeding the scope of licenses, or without Plaintiff's authorization or consent, or license. Defendants' infringing acts include the following.

31. 1) Defendant GCM only purchased one Netbula RPC SDK license for one developer on one computer. That license had been used by "A.G". However, multiple additional GCM programmers have used the SDK product or its components;

32. 2) Defendant GCM only had a license to use Netbula RPC on one computer running Windows NT, Windows 98 or Windows 95, but used Netbula RPC for Windows 2000 and Windows 20003 servers;

33. 3) Defendants only had license to create derivative works of Netbula RPC under Windows NT, 98 and 95, but created derivative works of Netbula RPC for Windows 2000 and Windows 2003;

34. 4) Defendants did not purchase any runtime licenses to deploy "pwrpc32.dll" onto its computers, but used the developer version of the "pwrpc32.dll" in production. Such use of developer version in production environment is explicitly prohibited by the license agreement.

35. By intentionally copying, reproducing, displaying, adapting, exhibiting, and/or distributing the above-identified content of Plaintiff's RPC technology and products as described hereinabove, Defendants have directly, contributorily, and/or vicariously infringed Plaintiff's exclusive rights in its copyrighted works. By means of the unlawful conduct alleged herein, Defendants have infringed, and will continue to infringe, Plaintiff's valuable copyrights in the content of its RPC technology and products described herein.

36. On information and belief, Defendants have knowingly and systematically participated in, facilitated, supported, materially contributed to, and/or encouraged the unauthorized copying, reproducing, displaying, adapting, exhibiting, and/or public distributing of Plaintiff's copyrighted RPC technology content and products, and each of the Defendants has actual and constructive knowledge of the infringements committed by and through Defendants and has had, and continues to have, the ability to control or halt such conduct at all relevant times, be it conduct of the Defendants or of third parties. On further information and belief, Defendants have each knowingly and systematically participated in, facilitated, supported, materially contributed to, and/or encouraged the unauthorized copying, reproducing, displaying, adapting, exhibiting, and/or public distributing of Plaintiff's copyrighted RPC technology content and products by each other and by third parties, with actual and constructive knowledge of the infringements committed by and through each other and the third parties. On further information and belief, at all relevant times, Defendants had the right, ability, and opportunity to halt and/or control the unlawful conduct of each of the other Defendants and third parties as alleged herein.

37. On information and belief, each of the Defendants is contributorily and vicariously liable for the unlawful infringing conduct of each of the other Defendant through: (a) their active participation in the infringing conduct of each other and of third parties; (b) their assistance of and material contribution to each other and third parties in the infringing conduct; (c) their supervision of and ability to control or halt the infringing conduct of each other and third

parties; and (d) the substantial, direct financial benefits that each of the Defendants has derived and continues to derive from all of the aforesaid acts, all with full knowledge of their unlawfulness.

38. Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts of infringements as alleged herein were committed knowingly, intentionally, maliciously, willfully, and in reckless disregard of and indifference to the rights and property of Plaintiff.

39. As a direct and proximate result of Defendants' unlawful acts as described herein, Plaintiff has suffered and will continue to suffer injury to its business, goodwill, and property. By means of the unauthorized conduct alleged herein, Defendants have deprived and will continue to deprive Plaintiff of gains, revenues, royalties, business advantages, and/or the opportunity to recover its investment in its RPC technology and products, both direct and indirect. As such, Defendants have created and continue to create a disincentive for similar investments in the arts. On information and belief, Defendants have also derived substantial financial benefit from their unlawful conduct with respect to Plaintiff's copyrighted materials, as well as from the unlawful and infringing conduct of each other and of third parties.

40. Each infringing act of copying, reproducing, displaying, adapting, exhibiting, and/or distributing the content of Plaintiff's RPC technology (including Netbula's "pwrpc32.dll" file), as well as the continuing threat of the same, constitutes a separate claim against Defendants, and each of them, under the Copyright Act. Each post, copy, reproduction, adaptation, exhibition, display, and/or distribution of Plaintiff's copyrighted materials on and through Defendants' products, or by any other means, constitutes a separate and distinct act of infringement, whether committed by individual Defendants or combinations of them, and including acts of third parties for which Defendants are contributorily and/or vicariously liable.

Plaintiff has sustained, and will continue to sustain, substantial damage to the value of its business, in that the activities of Defendants described in this Complaint have diminished and will continue to diminish the gains, revenues, royalties, and business advantages which Plaintiff would otherwise receive from the use of its copyrighted works. In addition, Defendants have realized unlawful and unjust profits from the unauthorized and illegal copying, reproduction, adaptation, exhibition, and/or displaying of the above-referenced content of Plaintiff's copyrighted works. As a result of Defendants' acts of intentional direct, contributory, and/or vicarious infringement, Plaintiff is without an adequate remedy at law, in that actual damages are difficult to ascertain. Accordingly, Plaintiff requests that this Court grant the injunctive relief prayed for herein.

41. Plaintiff is entitled to recover from Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above, direct or indirect. At present, the amount of such damages to Plaintiff and the gains, profits, and advantages Defendants have obtained by reason of the unlawful conduct described herein cannot be fully ascertained by Plaintiff, but are likely to exceed $10,000,000.

42. Plaintiff has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts described herein, Plaintiff will continue to suffer irreparable harm. Plaintiff's harm is irreparable because it is extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief if Defendants are not enjoined at this time, in part because of the nature of intellectual property. Plaintiff is entitled, pursuant to 17 U.S.C. § 502, to injunctive relief in the form of a temporary restraining order, a preliminary injunction, and/or a permanent injunction restraining Defendants and all persons acting in concert with them, from engaging in any further such acts in violation of the Copyright Act and from distributing Defendants' products which are the unlawful fruits of their unlawful conduct.

**REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION**

43. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 42, inclusive, of this Complaint.

44. Netbula requests a temporary restraining order, a preliminary injunction and, following a trial on the merits, a permanent injunction, pursuant to Federal Rules of Civil Procedure 65, barring Defendants' continued use, copying and distributing of Netbula's software exceeding the scope of license.

45. Pursuant to Civ. L.R. 65, Netbula's Application for a Temporary Restraining Order and For a Preliminary Injunction is filed along with Complaint. Netbula incorporates by reference the facts and arguments set in the Application, filed contemporaneously.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

1. That Defendants be held liable for direct, contributory, and/or vicarious infringement of Plaintiff's copyrights in violation of the federal Copyright Act, 17 U.S.C. § 501 *et seq*., as alleged herein;

2. That the Court find a substantial likelihood that Defendants will continue to infringe, or contribute to or vicariously support the infringement of, Plaintiff's copyrights in the content of Plaintiff's RPC technology and products, unless enjoined from doing so;

3.     That Defendants and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or privity or in participation with them, be preliminarily and thereafter permanently enjoined and restrained in the form of a temporary restraining order, a preliminary injunction, and/or a permanent injunction, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, from:

(a)     directly or indirectly engaging in any manner in the unauthorized copying, reproduction, adaptation, exhibition, distribution, display, or other infringement of Plaintiff's protected works and/or exclusive copyright rights (whether now in existence or hereafter created), including, without limitation, those involving the original content of and works on and in Plaintiff's RPC technology and products and from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived or copied from the content of Plaintiff's copyrighted works, all as described in this Complaint;

(b)     causing, contributing to, enabling, facilitating, supporting, aiding, or participating in any manner in the infringement of Plaintiff's protected works and/or exclusive copyright rights (whether now in existence or hereafter created), including, without limitation, the content of Plaintiff's RPC technology and products, all as described in this Complaint; and

(c)     otherwise engaging in any conduct that unlawfully, unfairly, and/or fraudulently competes with Plaintiff and Plaintiff's RPC technology and products (including, without limitation, through the unauthorized use and infringement of Plaintiff's original works of authorship), all as described in this Complaint;

4. That Defendants and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or privity or in participation with them, be ordered to immediately deliver to the Court for impoundment (and destruction upon entry of final judgment against Defendants) all illegal, unlicensed copies of the Netbula software in their possession, custody or control together with an accounting, to be provided to Netbula, of: (1) the number of such copies in Defendants' possession, custody or control; (2) where each such copy was found; (3) the identity of the individual or individuals having possession, custody or control of each copy at the time it was found; and (4) a sworn explanation of how each copy was obtained, duplicated or distributed, including the identity of all persons involved in such activity for each such copy;

5. That Defendants' unlawful conduct as alleged herein be deemed a willful violation of Plaintiff's intellectual property rights;

6. That Plaintiff be awarded its actual compensatory damages according to proof for Defendants' acts of copyright infringement;

7. That Defendants be ordered to disgorge any profits or gains in Defendants' possession attributable to the infringement of Plaintiff's copyrights, be they direct or indirect profits;

8. That Plaintiff recover its reasonable attorneys' fees pursuant to any applicable laws and/or rules;

9. That Plaintiff recover its costs of this suit, including expert witness costs, pursuant to 17 U.S.C. § 505 and any other applicable laws and/or rules; and

10. That Plaintiff be granted such other and further relief as this Court deems just and proper.

Dated: November 16, 2006 LAW OFFICES OF VONNAH M. BRILLET

By: VONNAH M. BRILLET
Attorneys for Plaintiff NETBULA, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff NETBULA, LLC demands a jury trial in this action.

Dated: November 16, 2006 LAW OFFICES OF VONNAH M. BRILLET

By: VONNAH M. BRILLET
Attorneys for Plaintiff NETBULA, LLC

# EXHIBIT A

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-211-063

EFFECTIVE DATE OF REGISTRATION

10 18 05
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

TITLE OF THIS WORK ▼
NETBULA POWERRPC

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

## 2

**a** NAME OF AUTHOR ▼
NETBULA, LLC

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A. / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Computer program

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1996 ◀ Year
This information must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ September Day ▶ 1 Year ▶ 1996
U.S.A. ◀ Nation

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
NETBULA, LLC
2777 Alvarado Street, Suite C, San Leandr, CA 94577

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE / OFFICE USE ONLY
APPLICATION RECEIVED OCT. 18. 2005
ONE DEPOSIT RECEIVED OCT. 18. 2005
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY DB FORM TX

CHECKED BY

☑ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶ Year of Registration ▶

**6**

**DERIVATIVE WORK OR COMPILATION**

**a** Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

SUN RPCSRC 4.0 1984, RFC 1831, RFC 1832

See instructions before completing this space.

**b** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New programming text, revisions and additional text of computer program.

**7**

**a** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ Account Number ▼
Sheppard Mullin Richter & Hampton LLP DA: 92924

**b** **CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Edwin Komen - Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW - 11th Floor East
Washington, DC 20005-3314

Area code and daytime telephone number ▶ 202-218-0000 Fax number ▶ 202-218-0020
Email ▶ ekomen@sheppardmullin.com

**8**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of NETBULA, LLC
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Edwin Komen Date ▶ December 7, 2005

Handwritten signature (X) ▼
X [signature]

**9**

Certificate will be mailed in window envelope to this address:

Name ▼
Edwin Komen - Sheppard Mullin Richter & Hampton LLP
Number/Street/Apt ▼
1300 I Street NW - 11th Floor East
City/State/ZIP ▼
Washington, DC 20005-3314

• Complete all necessary spaces
• Sign your application in space 8
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
Library of Congress
Copyright Office - TX
101 Independence Avenue, S.E.
Washington, D.C. 20559-6222

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Northern District Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, forms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1) Don Yue

2) Netbula, LLC

Dated: November 16, 2006

LAW OFFICES OF VONNAH BRILLET

Vonnah M. Brillet
VONNAH M. BRILLET
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I declare that I am a citizen of the United States, over the age of 18 years, and not a party to the within entitled action. My business address is 2777 Alvarado Street, Suite E, San Leandro, CA 94577.

On November 17, 2006, I served a copy of the foregoing documents described as:

COMPLAINT FOR COMPENSATORY DAMAGES, DISGORGEMENT OF PROFITS, INJUCTION RELIEF, AND ATTORNEYS' FEES AND COSTS FOR: Direct, Contributory, and Vicarious Copyright Infringement Under 17 U.S.C. Section 101 et seq.

DON YUE'S DECLARATION IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND IMPOUNDMENT

PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND IMPOUNDMENT

[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND IMPOUNDING UNLICENSED NETBULA SOFTWARE; ORDER TO SHOW CAUSE

On all interested parties in said cause, by delivering a true copy as follows:

____ **(By Mail)** I placed a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid and deposited said envelope in the United States mail in the City and county of San Leandro, California.

__X__ **(By Hand)** I sent a true copy thereof to a process serving company and caused such envelope to be delivered to the offices of the addressee.

_X__ **(By Facsimile)** I sent a true copy thereof via telephone facsimile transmission to the following number: (203) 302-7118.

Hand delivery was made to the following address:

Greenwich Capital Markets, Inc.
c/o CSC – Lawyers Incorporating Service
2216 Gateway Oaks Drive, #100
Sacramento, CA 95833

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 17, 2006, at San Leandro, California.

Vonnah M. Brillet
Vonnah M. Brillet